IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ROGELIO RIVERA-AMAYA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case Nos. 5:13-cv-08013-VEH-TMP |
| ) | 5:10-cv-00222-VEH-TMP-1 |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The magistrate judge filed his Report and Recommendation (doc. 8) in the above-styled cause on October 8, 2014, recommending that the § 2255 motion for writ of *habeas corpus* challenging the constitutional validity of Rogelio Rivera-Amaya's ("Movant") conviction be dismissed with prejudice as time-barred. Movant filed no objections to the Report and Recommendation.

## DISCUSSION

On September 22, 2014, Movant filed a motion for leave to amend his § 2255 motion. (Doc. 9). On September 30, 2014, Movant mailed to the court his supplemental § 2255 motion. (Doc. 10). Movant's motion to amend and supplemental § 2255 motion were not received and entered into the case until October 10, 2014, two days after the magistrate judge entered his Report and Recommendation. Movant's motion for leave to amend was granted on October 14, 2014, (doc. 11) and the supplements to Movant's § 2255 motion will be addressed herein.

Movant asserts in his supplemental § 2255 motion that he received ineffective assistance of counsel because his attorney failed to seek a sentence reduction on Movant's behalf based on "the sentencing disparity between similarly situated defendants created by the existence of 'fast track' programs." (Doc. 10, p. 1). Movant's argument does not alter the magistrate judge's correct determination that the § 2255 motion is barred by the one-year limitation set forth in 22 U.S.C. § 2255(f). Claims of ineffective assistance of counsel are subject to the one-year limitation, along with all other § 2255 claims. In order to escape the time bar, Movant would need to present evidence that he is entitled to equitable tolling. Equitable tolling is an "extraordinary remedy" to be applied only when a movant has illustrated that his untimely filing was due to "extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)(citing Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 457-458, 112 L. Ed. 2d 435 (1990)); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Movant has presented no such evidence. Accordingly, Movant's § 2255 motion, as supplemented, is due to be dismissed as time-barred.

## CONCLUSION

Having now carefully reviewed and considered *de novo* all materials in the court file relevant to the case, the court finds that the report is due to be ADOPTED and the recommendation ACCEPTED. A corresponding order shall be entered contemporaneously herewith.

DONE and ORDERED this 29th day of October, 2014.

                         _/s/ Hopkins_
                         **VIRGINIA EMERSON HOPKINS**
                         United States District Judge